**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 05-5049**

─────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

      versus

CONRAD DOMINIC POOLE,

                    Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:05-cr-16-1-H)

─────────

Submitted: April 18, 2007          Decided: July 30, 2007

─────────

Before MOTZ and DUNCAN, Circuit Judges, and Gerald Bruce LEE, United States District Judge for the Eastern District of Virginia, sitting by designation.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Thomas P. McNamara, Federal Public Defender, Devon L. Donahue, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Conrad Dominic Poole pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. §§ 922(g)(1), 924 (West 2000 & Supp. 2006). He was sentenced to 72 months of imprisonment. Poole appeals his sentence, asserting that the district court erred by admitting into evidence victim impact statements, which unduly prejudiced his sentence. Finding no reversible error, we affirm.

On September 17, 2004, Poole was a passenger in a vehicle driven by his cousin when it was stopped by Raleigh, North Carolina Police Officers Kaplan and Little in relation to a domestic violence complaint against Poole's cousin. After the officers determined that there was an outstanding warrant against Poole, they attempted to take Poole into custody. Poole became belligerent and attempted to flee. During the ensuing struggle, Poole attempted to take Officer Little's firearm, but Officer Little was able to secure the weapon in her holster. Poole, however, successfully removed Officer Kaplan's gun from its holster. He struck Officer Kaplan on the head with the gun, causing her to sustain a deep, bleeding laceration. Officer Little then drew her weapon and ordered Poole to drop the gun. After Poole failed to drop the gun, Officer Little fired two shots in Poole's direction, not striking him, but causing him to drop the

gun.  While Poole continued to struggle, the officers were able to lower him to the ground, handcuff him, and take him into custody.

At sentencing, the district court determined Officer Kaplan "ha[d] a right under the criminal rules . . . as a victim" to make a statement to the court concerning the effect of Poole's actions on her.  The district court allowed Officer Kaplan to read her statement into the record.  The court also accepted photographs of Officer Kaplan's injuries and a letter from Officer Little concerning the events leading to arrest and commenting on sentencing.  Poole did not object to Kaplan's statement or Little's letter at sentencing.  The district court sentenced Poole to 72 months of imprisonment, within the 63 to 78 month advisory Guidelines range.

On appeal, Poole contends that the district court violated the Crime Victims' Rights Act ("CVRA"), 18 U.S.C.A. § 3771 (West Supp. 2006), by allowing the officers' victim statements at sentencing because his offense was a victimless crime.  He further argues that his due process rights were violated because the statements were unduly prejudicial, rendering his sentence unfair.  Because Poole did not object to the admission of the victim impact statements at sentencing, we review for plain error.  United States v. Olano, 507 U.S. 725, 731-37 (1993).  Under plain error review, we may only notice an error that was not preserved by timely objection if the defendant can demonstrate: (1) that an

error occurred, (2) that the error was plain, and (3) that the error was material or affected the defendant's substantial rights. Id. at 732-37. Even when these three conditions are satisfied, the court will only correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 736-37.

The CVRA guarantees crime victims "[t]he right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding." 18 U.S.C.A. § 3771(a)(4). The CVRA defines "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C.A. § 3771(e). The CVRA does not limit the information a sentencing court may consider at sentencing. Further, the CVRA provides that "[a] person accused of the crime may not obtain any form of relief under this chapter." 18 U.S.C.A. § 3771(d)(1). Poole contends that the district court erred in permitting Officers Kaplan and Little to testify as victims, because they were not victims of the charged offense -- being a felon in possession of a firearm.

Even assuming that the district court erred in admitting the victim evidence at sentencing, and that error was plain, it did not affect Poole's substantial rights. The evidence was not so unduly prejudicial as to render Poole's sentence unfair; contrary to Poole's contentions, it did not so "inflame the emotions of the

sentencing court" that the court sentenced Poole to the top of the Guidelines range or above the Guidelines range. Rather, the court imposed a 72-month sentence, which is in the middle of the advisory Guidelines range and below the 78-month top of the Guidelines sentence requested by the Government and Officers Kaplan and Little. Moreover, the victim statements of Officers Kaplan and Little were largely cumulative of evidence not subject to challenge. Much of the information related by Officers Kaplan and Little concerning the events leading up to Poole's arrest, while not as detailed as their statements, was contained in the presentence report and thus was already before the court and not prejudicial. Therefore, any error by the district court in admitting the victim statements did not affect Poole's substantial rights.

Accordingly, finding no plain error, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED